UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-2466-MWF (AGRx)                **Date:  May 20, 2020**
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER RE MOTION TO REMAND CASE [9];
                                 MOTION TO COMPEL ARBITRATION [10]

Before the Court are two motions:

First, there is Plaintiff Jacqueline Phillips-Harris' Motion to Remand ("Remand Motion"), filed on March 23, 2020.  (Docket No. 9).  Defendant BMW of North America, LLC ("BMW") filed an Opposition on March 30, 2020.  (Docket No. 13). Plaintiff filed a Reply on April 6, 2020.  (Docket No. 20).

Second, there is BMW's Motion to Compel Arbitration ("Arbitration Motion"), filed on March 23, 2020.  (Docket No. 10).  Plaintiff filed an Opposition on March 30, 2020.  (Docket No. 15).  BMW filed a Reply on April 6, 2020.  (Docket No. 21).

The motions were noticed to be heard on April 20, 2020.  The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Vacating the hearing was further required by the Continuity of Operations Plan arising from the COVID-19 emergency.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Court rules as follows:

- The Remand Motion is **DENIED**.  The Court has diversity jurisdiction over this action.  The Court also declines to order sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-2466-MWF (AGRx)               Date:  May 20, 2020**
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

- The Arbitration Motion is **GRANTED**.  BMW is a third-party beneficiary of the Lease Agreement between Plaintiff and Long Beach BMW-Mini, and therefore may enforce the arbitration provision within the Lease Agreement.

## I.    **BACKGROUND**

On February 11, 2020, Plaintiff commenced this action in Los Angeles County Superior Court.  (Notice of Removal ("NoR") ¶ 1 (Docket No. 1); Complaint (Docket No. 1-1)).

The Complaint contains the following allegations:

On or about April 15, 2018, Plaintiff leased a 2018 BMW X5 ("Vehicle" or "Subject Vehicle"), which was manufactured, distributed, or sold by BMW. (Complaint ¶ 6).  In connection with the purchase, Plaintiff received an express written warranty in which BMW undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure in utility or performance for a specified period of time.  (*Id.* ¶ 7).  During the warranty period, the Vehicle contained or developed various defects, including problems with the brakes, engine, restraint system, electrical system, powertrain, and air-conditioning.  (*Id.* ¶ 8). Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale.  (*Id.* ¶ 12).

Based in part on the above allegations, Plaintiff asserts six claims for relief against BMW: (1) breach of implied warranty of merchantability, California Civil Code § 1794; (2) breach of the implied warranty of fitness, California Civil Code § 1794; (3) sale of defective merchandise without disclosing defects, California Business & Professions Code §§ 17531, 17535; (4) breach of express warranty, California Civil Code § 1794; (5) failure to promptly repurchase product, California Civil Code § 1793.2(D); and (6) failure to commence repairs within a reasonable time and to complete them within 30 days, California Civil Code § 1794.  (*Id.* ¶¶ 5-44).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-2466-MWF (AGRx)                  Date:  May 20, 2020**
**Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.**

Plaintiff seeks her "entire purchase price" under California Civil Code §
1792(b)(1), or in the alternative, the diminution in value of the Vehicle resulting from
its defects.  (*Id.* ¶ 12).  Plaintiff additionally seeks civil penalties for each violation in
the amount of up to two times Plaintiff's total damages, restitution, consequential and
incidental damages, and attorneys' fees.  (*Id.* at 9, Prayer A-K).

On March 13, 2020, BMW timely removed the action, invoking the Court's
diversity jurisdiction.  (*See generally* NoR).

## II.   **PRELIMINARY MATTERS**

### A.    **Meet and Confer**

Both parties accuse each other of failing to comply with Local Rule 7-3, which
details the requirements for meeting and conferring prior to filing a motion.  (Remand
Motion at 8; Remand Opp. at 10-11; Arbitration Motion at 23-24).  It appears that
Plaintiff's counsel and BMW's counsel spoke on the phone twice: first, on March 11,
2020 to discuss the Arbitration Motion; and second, on March 16, 2020 to discuss the
Remand Motion.  (*See id.*).  Nonetheless, the parties argue that the phone calls did not
satisfy the Local Rule 7-3 requirement because certain details were not discussed.  (*See
id.*).  Aa a result, Plaintiff's counsel requests that the Court impose sanctions on
BMW's counsel, and BMW's counsel requests that the Court deny the Remand
Motion.  (*See id.*).

The Court will not impose sanctions or deny the Remand Motion on the basis of
the parties' alleged failures to comply with L.R. 7-3, considering the parties had phone
calls to discuss both motions, at least in some capacity.

### B.    **Requests for Judicial Notice**

Both parties filed Requests for Judicial Notice in conjunction with their briefs
for the Remand Motion and the Arbitration Motion.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:        Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

        First, along with its Opposition to the Remand Motion, BMW submitted a
Request for Judicial Notice, requesting that the Court take judicial notice of this
Court's unpublished order, which denied a plaintiff's motion to remand.  (*See* Docket
No. 14).  Plaintiff did not file an Opposition to this Request for Judicial Notice.

        Second, along with its Arbitration Motion, BMW submitted another Request for
Judicial Notice, requesting that the Court take judicial notice of several unpublished
orders that granted BMW's motion to compel arbitration.  (*See* Docket No. 11).
Plaintiff did not file an Opposition to this Request for Judicial Notice.

        Third, in conjunction with its Opposition to the Arbitration Motion, Plaintiff
submitted a Request for Judicial Notice, requesting that the Court take judicial notice
of (1) several district court orders, which denied BMW's motion to compel arbitration;
(2) a Ninth Circuit opinion, which denied another car manufacturer's motion to compel
arbitration; and (3) a copy of a plaintiff's motion for sanctions in another action.  (*See*
Docket No. 16).  BMW filed an Opposition to this Request for Judicial Notice.
(Docket No. 23).

        As noted above, the majority of the documents attached to the Requests for
Judicial Notice are district court orders regarding motions to remand or motions to
compel arbitration.  The Court may take judicial notice of court filings and other
matters of public record.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741,
746 n.6 (9th Cir. 2006).  However, the Court would consider it odd to take judicial
notice of court filings where they are offered, as here, as persuasive authority.  To the
extent that certain cases are binding and are applicable to the facts here, the Court will
consider them in the analysis below.

        Accordingly, all the Requests for Judicial Notice are **DENIED** *as moot*.

        **C.    Evidentiary Objections**

        Plaintiff filed two sets of evidentiary objections.  First, Plaintiff filed her
Evidentiary Objections and Motion to Strike Evidence Cited by or Referred to in
BMW's Opposition to Plaintiff's Motion to Remand Action.  (Docket No. 20-2).

---

**CIVIL MINUTES—GENERAL**                                                    **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-2466-MWF (AGRx)                Date:  May 20, 2020**
**Title:**     Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Specifically, Plaintiff objects to two declarations of Betty Luu, one which was filed with the Notice of Removal (Docket No. 4) and another which was filed with BMW's Opposition (Docket No. 13-1).  (*See id.*).  BMW filed a response on April 13, 2020.  (Docket No. 34).

Second, Plaintiff filed her Evidentiary Objections and Motion to Strike Evidence Cited by or Referred to BMW's Arbitration Motion (erroneously titled Objections and Motion to Strike Evidence Cited by or Referred to "in its Opposition to Plaintiff's Motion to Compel Arbitration").  (Docket No. 17).  BMW filed a response on April 6, 2020.  (Docket No. 24).

None of the objections are convincing as many are garden variety evidentiary objections based on lack of foundation, hearsay, lack of authentication, and improper conclusions.  In ruling on the motions, the Court relies only upon admissible evidence.  To the extent the Court relies upon evidence to which Plaintiffs object, the objections are **OVERRULED**.  To the extent the Court does not, the objections are **DENIED** *as moot*.

### D.     Request to Cross-Examine Declarants

In addition, Plaintiff filed a request to cross-examine declarants Lisa Mendoza, Tyler Weight, and Betty Luu.  (Docket No. 18).  BMW filed an objection to the request.  (Docket No. 27).

Lisa Mendoza is a Controller at Long Beach BMW-Mini, and through her declaration, she attached a copy of the lease agreement for Plaintiff's Vehicle.  (*See* Docket No. 10-1; Docket No. 19-1 ("Lease Agreement")).  As noted below, BMW accidentally forgot to attach the Lease Agreement with Mendoza's first declaration, but subsequently attached the agreement in a Notice of Errata.  (*See id.*).

Tyler Weight is the Finance Systems Manager for BMW Financial Services NA, LLC ("BMW NA"), and asserted in his declaration that BMW and BMW FS are affiliates of one another because BMW FS is a wholly-owned subsidiary of BMW.  (Declaration of Tyler Weight ("Weight Decl.") (Docket No. 10-2)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Betty Luu is one of the attorneys of record for BMW.  (Docket No. 4).  In one of her declarations, she attached a copy of the Lease Agreement pertaining to the Vehicle to the Notice of Removal.  (*See* Docket Nos. 4, 4-2).

Plaintiff argues that cross-examination will reveal that each declarant is "attempting to testify concerning facts about which [he or she] lacks personal knowledge" and "that [his or her] claim to have personal knowledge of the alleged facts is untrue."  (*Id*. at 2-3).

Plaintiff's request is not well taken.  Plaintiff has produced no evidence or basis for challenging the assertions made by each declarant.  In fact, there does not appear to be any meaningful dispute that the Lease Agreement is what it purports to be or that BMW is an affiliate of BMW FS.  Therefore, cross-examination of the declarants, including opposing counsel, is a drastic remedy which is not justified by the facts here.

Accordingly, the Request to Cross Examine Declarants is **DENIED**.

## III.    **REMAND MOTION**

### A.      **Legal Standard**

Removal from state court to this Court is proper when diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

A defendant carries the "burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Moreover, when the "complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets" the $75,000 threshold.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 676, 683 (9th Cir. 2006).  All the following can be used to show that the amount in controversy threshold has been met: (i) general damages; (ii) special damages; (iii) attorneys' fees if recoverable; and punitive damages if recoverable. *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Finally, if any doubt exists as to whether the removing party has the right to
removal, the "case should be remanded to state court."  *Matheson v. Progressive
Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### B.     Discussion

The Court notes that Plaintiff did not put forth any substantive argument in its
opening brief.  Instead, in her opening brief, she conclusorily asserts that "unless
[BMW] can meet its burden of proving that the removal was proper, this Court should
grant the motion and remand the case to the Superior Court."  (Remand Motion at 8).
After BMW filed its Opposition, Plaintiff advances a number of new arguments for the
first time in her Reply.  Specifically, she argues that the Remand Motion should be
granted because BMW has not proven (1) its own citizenship, (2) Plaintiff's
citizenship, or that (3) the amount in controversy exceeds $75,000.  (*See generally*
Remand Reply).  Because this motion deals with the Court's subject matter
jurisdiction, the Court will address all relevant arguments to determine the Court's
jurisdiction.

### 1.     Complete Diversity

The Court must first determine the relevant parties to determine complete
diversity.  At the time of removal, Plaintiff and BMW were the only named parties.
(*See generally* Complaint).  Nonetheless, Plaintiff asserts in her Remand Motion that
she "intended to add the true name of certain California-based automotive dealerships
that serviced the vehicle."  (Remand Motion at 5).  It is not clear whether Plaintiff is
arguing that the Court should consider the citizenship of certain California-based
automotive dealerships, whom Plaintiff has not yet added as defendants in this action.
To the extent that Plaintiff is advancing such an argument, it is rejected.

As BMW argues, Plaintiff's intent to add a non-diverse party is irrelevant to
determining whether diversity exists.  (Remand Opp. at 3).  Plaintiff has not named any
defendant other than BMW in her Complaint, and she has made no effort to do so.
Accordingly, the Court will not consider the alleged citizenship of fictitious defendants
in determining whether it has jurisdiction.  *See* 28 U.S.C. § 1441(b)(1) ("In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                Date:  May 20, 2020
Title:        Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the Court only examines whether complete diversity exists between the named parties.

*First*, BMW has established that Plaintiff is a citizen of California for the purposes of diversity jurisdiction.  A natural person's state citizenship is determined by her state of domicile, which is "her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  The Ninth Circuit has not adopted the presumption that a person's current residence is presumed to be the person's state of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).  Instead, "a court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship." *Id.*

Here, BMW submitted sufficient evidence to support its contention that Plaintiff is a citizen of California.  Specifically, BMW submitted the following: (1) Plaintiff's driver's license; (2) Plaintiff's grant deed; (3) Plaintiff's lease agreement; (4) Plaintiff's repair records; and (5) Plaintiff's customer service records for the Vehicle. (Docket No. 4, Ex. D; Docket No. 13-1, Ex. B).  All these records list a California address for Plaintiff.  (*See id.*).  Although Plaintiff argues that BMW has not proven her citizenship, she does not refute the accuracy of any of the submitted evidence and does not provide any evidence to the contrary.  Because a reasonable inference from such evidence is that Plaintiff resides in California with the intention to remain here, BMW has sufficiently established that Plaintiff is a citizen of California for the purposes of diversity jurisdiction.

*Second*, BMW has established that it is not a citizen of California.  The Notice of Removal provides that BMW is a "privately held Delaware limited liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:        Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

company with its princip[al] place of business located in Woodcliff Lake, New Jersey."  (NoR ¶ 17).  As a limited liability company, BMW's principal place of business or formation under Delaware law is irrelevant for purposes of diversity jurisdiction.  Rather, BMW is a citizen of the state, or foreign country, of which its owners or members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

Here, BMW asserts that it is a wholly owned subsidiary of BMW (US) Holding Corporation, which is the sole member of BMW.  (NoR ¶ 17) (citing Corporate Disclosure Statement ¶ 1 (Docket No. 3)).  Therefore, BMW's citizenship is determined by the citizenship of BMW (US) Holding Corporation.

A corporation is a deemed a citizen of (1) the state by which it has been incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" refers to the "nerve center" of the corporation: the "place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The nerve center "should normally be the place where the corporation maintains its headquarters …."  *Id.*

Here, BMW asserts that "BMW (US) Holding Corporation is a privately held Delaware corporation with its principal place of business located in New Jersey."  (Corporate Disclosure Statement ¶ 1).  Accordingly, BMW has established that it is a citizen of Delaware and New Jersey.

Plaintiff does not dispute that BMW (US) Holding Corporation is incorporated in Delaware or that its principal place of business is in New Jersey.  (*See* Remand Reply).  Instead, she argues that BMW failed to establish its citizenship because it failed to provide "any evidence of the citizenship of its members."  (*Id.* at 4).  This argument is meritless.  "A removing defendant . . . need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts."  *Zeppeiro v. Green Tree Servicing, LLC*, No. CV 14-01336

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                Date:  May 20, 2020
Title:     Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

MMM (JCx), 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014).  "The allegations in the notice of removal are taken as true; the burden of adducing evidence to support them is only triggered if the plaintiff adduces evidence in a motion to remand that rebuts the factual allegations."  *Id.*  Because Plaintiff has not adduced any such evidence, BMW was not required to provide evidence to support its facts.

Accordingly, BMW has established complete diversity among the parties.

**2.      Amount in Controversy**

The Court also determines that the amount of controversy requirement has been satisfied.

Plaintiff first argues that BMW cannot establish that the amount in controversy because its counsel certified in an answer that it lacks sufficient information to deny or admit Plaintiff's allegation that the amount in controversy in this matter exceeded $25,000.  (Remand Reply at 6).  This argument is unpersuasive.  "The basic rule is that, for jurisdictional purposes, the amount in controversy is measured by the amount of the claim" so long as the amount appears to be in good faith and not fictitiously asserted.  *Riggins v. Riggins*, 415 F.2d 1259, 1260 (9th Cir. 1969).  Potential defenses to all or part of the claim do not affect the amount in controversy.  *See id.* at 1261-62.  Therefore, the fact that BMW did not admit or deny in an answer that the amount in controversy exceeded $25,000 does not affect the Court's analysis.

Plaintiff then challenges BMW's calculation of the amount in controversy.  (Remand Reply at 7-13).  In its Opposition, BMW asserts that Plaintiff would have paid a total of $44,383.48 to lease the Vehicle at the end of the lease term.  (Remand Opp. at 7).  Because Plaintiff seeks a repurchase of the Vehicle for "the entire purchase price" as well as "civil penalty of up to two times her actual damages," BMW asserts that the amount in controversy from the actual damages and civil penalty alone exceed the jurisdictional requirement.  (Remand Opp. at 7-8) (citing Complaint ¶¶ 12, 29, 32, 37, 44, Prayer for Relief).  In addition, BMW notes that Plaintiff seeks attorneys' fees under the Song Beverly-Act, and asserts that such fees would increase the amount in controversy even more.  (Remand Opp. at 9).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

　　　Plaintiff first criticizes BMW's estimate of $44,383.48 as the value of the lease payments.  Specifically, Plaintiff notes that the amount should be reduced by the $5,000 manufacturer's rebate and by the mileage offset under California Civil Code § 1793.2(d)(2)(B), which BMW estimates to be $2,623.67.  (Remand Opp. at 7, n.5; Remand Reply at 7).   Plaintiff further argues that actual damages should be lowered based on BMW's other potential defenses.  Potential defenses are not considered in the amount in controversy.  *See Riggins*, 415 F.2d at 1261-62 (that the statute of limitations defense might bar portion of relief sought did not affect amount in controversy).  However, for the purposes of this analysis, the Court will reduce $7,623.67 from BMW's estimate and assume an estimated actual damage of $36,759.81.

　　　Plaintiff also argues that the Court should disregard the civil penalty in its analysis because BMW has not provided any analysis suggesting an award of civil penalty would be appropriate based on the facts of the case.  (Remand Reply at 8-9).  The Court disagrees.  Under the Song-Beverly Act, Plaintiff may be entitled to a civil penalty of up to two times the amount of restitution if Plaintiff can establish that BMW's violations were willful.  Cal. Civ. Code § 1794(c).  Indeed, Plaintiff alleges that BMW's failure to comply with its obligations was "willful" and seeks "a civil penalty of two times of actual damages." (Complaint ¶ 29).  Like many other district courts in this circuit, the Court determines that "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."  *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (collecting cases where treble damages authorized by state law may be included in determining the amount in controversy); *see also Lawrence v. FCA US LLC*, No. CV 16-05452-BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (considering the maximum civil penalties under the Song-Beverly Act when determining amount in controversy); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (same); *Lee v. FCA US, LLC*, No. CV 16-5190-PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) (same); *Gonzalez v. FCA US LLC*, No. EDCV 19-967-PSG (RAOx), 2020 WL 1444941, at *3 (C.D. Cal. Mar. 24, 2020) (same).

---

**CIVIL MINUTES—GENERAL**                                          **11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:        Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Therefore, to calculate the civil penalty, the Court doubles the amount of restitution.  The amount in dispute for the civil penalty is thus approximately $73,519.62 ($36,759.81 x 2).

Combining actual damages and civil penalties, BMW has established that the amount in controversy is approximately $110,279.43, which exceeds the jurisdictional requirement, before accounting for attorneys' fees.

BMW has sufficiently established that complete diversity exists and the amount in controversy exceeds $75,000.  Accordingly, the Remand Motion is **DENIED**.

## IV.   **ARBITRATION MOTION**

### A.   **Legal Standard**

Under the Federal Arbitration Act (the "FAA"), a party moving to compel arbitration must show: "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).  "[C]ourts must enforce the parties' agreement to arbitrate threshold issues regarding the arbitrability of the dispute," but only if there is "clear and unmistakable evidence" that the parties so agreed.  *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011) (internal quotation marks and citation omitted).  The party seeking arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence.  *Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017).

### B.   **Discussion**

BMW argues that Plaintiff must arbitrate her claims because she entered into a Lease Agreement, which contains an arbitration clause.  (Arbitration Motion at 1). While BMW was not a signatory to the agreement, it further argues that it may enforce the arbitration clause in the agreement as a third-party beneficiary.  The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                 Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

### 1.    Valid Arbitration Agreement

Plaintiff first argues that the Arbitration Motion should be denied because BMW has not presented any evidence that an arbitration agreement exists.  (Arbitration Motion Opp. at 3-4).

In conjunction with the Arbitration Motion, BMW filed a declaration, which purported to attach the Lease Agreement.  (*See* Declaration of Lisa Mendoza ("Mendoza Decl.") (Docket No. 10-1) ¶ 2).  However, the declaration did not actually attach the agreement.  (*See id.*).  After Plaintiff noted this error, BMW filed a Notice of Errata, attaching the Lease Agreement.  (Docket No. 17 at 2; Docket No. 19-1).  The Lease Agreement contains an arbitration clause, which provides that the parties "may choose to have any dispute between [them] decided by arbitration and not in a court or by jury trial."  (*See* Lease Agreement ¶ 38).

Although this Notice of Errata was filed after Plaintiff filed the Opposition, the Court determines that BMW's error did not prejudice Plaintiff.  Plaintiff was well aware of the Lease Agreement, and in fact, Plaintiff appears to familiar with the language of the arbitration clause at issue.  For example, in her Opposition to the Arbitration Motion, Plaintiff argues that the "plain language" of the arbitration provision does not support BMW's interpretation of the word "affiliate" and cites different parts of the arbitration provision.  (*See* Arbitration Opposition at 5-6). Accordingly, the Court determines that BMW's error did not prejudice Plaintiff and will consider the Lease Agreement filed with the Notice of Errata.  *See Malletier v. Sadia*, No. 14-CV-05421-BLF, 2015 WL 7351465, at *3 (N.D. Cal. Nov. 20, 2015) ("Insofar as those documents are well-known to Defendants and, in fact, derive from their records, there is no real prejudice.").

Because BMW has proved the existence of a Lease Agreement with an arbitration provision, BMW has demonstrated that an arbitration agreement exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                 Date:  May 20, 2020
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

### 2.      BMW's Express Warranty

Even if a valid arbitration agreement exists, Plaintiff argues that BMW cannot
enforce the agreement because BMW's express warranty "expressly permits Plaintiff
to pursue h[er] Lemon Law claims against [BMW] in court." (Arbitration Opposition
at 4). Plaintiff bases this argument on the following provision in BMW X-Series
Warranty (Docket No. 15-2):

> You are required to use BBB AUTO LINE [a mediation/arbitration
> program administered by the Council of Better Business Bureaus] before
> asserting in court any rights or remedies conferred by California Civil
> Code Section 1793.22. You are not required to use BBB AUTO LINE
> before pursuing rights and remedies under any other state or federal law.
> You are also required to use BBB AUTO LINE before exercising rights or
> seeking remedies created by Title I of the Magnuson-Moss Warranty Act,
> 15 U.S.C. [§] 2301, et seq. If you choose to seek redress by pursuing rights
> and remedies not created by California Civil Code Section 1793.22 or Title
> I of the Magnuson-Moss Warranty Act, resort to BBB AUTO LINE is not
> required by those statutes.

(Docket No. 15-2 at 26, § 6).

In response, BMW asserts that its pre-litigation arbitration program is irrelevant
to determining whether BMW may enforce the arbitration agreement in the Lease
Agreement. (Arbitration Reply at 2, 8). The Court agrees with BMW. Plaintiff does
not explain why BMW's pre-litigation arbitration program, which appears to cover
only a subset of Plaintiff's claims, abrogates BMW's ability to compel arbitration
pursuant to the Lease Agreement, a separate agreement entered by Plaintiff. Plaintiff
also provides no authority that supports Plaintiff's argument – that BMW should be
precluded from entering into and enforcing a different arbitration agreement so long as
it maintains a pre-litigation arbitration program.

Accordingly, the Court examines whether BMW may enforce the arbitration
clause in the Lease Agreement as a third-party beneficiary.

---

**CIVIL MINUTES—GENERAL**                                                **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

### 3.      Third Party Beneficiary

The parties do not dispute that the Lease Agreement contains an arbitration clause encompassing claims of alleged defects affecting the Vehicle.  However, the parties disagree as to whether the arbitration clause applies here given that the Lease Agreement was between Plaintiff and Long Beach BMW-Mini, and BMW was not a signatory.

"[A] litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement."  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)).  In California, "[a] third party beneficiary is someone who may enforce a contract because the contract is made expressly for his benefit."  *Jensen v. U-Haul Co. of California*, 18 Cal. App. 5th 295, 301, 226 Cal. Rptr. 3d 797 (2017).  The California Supreme Court has established a three-part test for determining a third-party beneficiary, as follows:

> [The Court shall examine] the express provisions of the contract at issue, as well as all of the relevant circumstances under which the contract was agreed to, in order to determine not only (1) whether the third party would in fact benefit from the contract, but also (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its [] action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.

*Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 829–30, 243 Cal. Rptr. 3d 299 (2019).  The California Supreme Court noted that, generally, "[t]he circumstances that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement.  The contracting parties must have intended to confer a benefit on the third party."  *Id.* at 835 (internal quotation marks and citations omitted).  For a third-party action to go forward, all three elements must be satisfied.  *Id.* at 830.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                 Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

Here, BMW argues that two provisions of the Lease Agreement demonstrate that the parties expressly intended to benefit BMW.  (Motion at 8-10).

First, BMW points to the Warranties language, which states that "if the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty." (Lease Agreement ¶ 16).  Because BMW provides the warranty, BMW argues that it is a "third party" contemplated by the arbitration provision.  (Motion at 9).

Second, BMW points to the arbitration provision, which defines "Claim" as "any claim, dispute, or controversy . . . between me and you and your employees, officers, directors, *affiliates*, successors or assigns . . ., which *arises out of or relates to* my . . . lease, purchase or *condition* of this Vehicle, this Lease or any resulting transaction or relationship."  (Lease Agreement ¶ 38) (emphasis added).  BMW asserts that it is an intended and identified third party beneficiary of the Lease Agreement because it is an affiliate of BMW FS, and BMW FS is the assignee of the Lease Agreement.  (Weight Decl. ¶ 3; Lease Agreement ¶ 2; Arbitration Motion at 10). BMW further argues that Plaintiff's claims against it "arose out of and relate to" Plaintiff's Lease Agreement and the "condition" of the Vehicle, which are both encompassed within the arbitration provision definition of a "claim."

In response, Plaintiff challenges BMW's interpretation of the "Claim" definition.  First, Plaintiff argues that only the lessee and the lessor, the signatories to the agreement, may invoke the arbitration provision *unless* Plaintiff asserts a claim against a third party in connection with a claim she assert against the lessor. (Arbitration Opposition at 16).   Because Plaintiff has not asserted a claim against the lessor, she argues that BMW may not invoke the arbitration provision.  (*Id.*).  Second, Plaintiff argues that the Court should reject BMW's argument that her claims against it "arose out of and relate to" the Lease Agreement and the "condition" of the Vehicle. (*Id.* at 17).  Plaintiff argues that this is functionally identical to BMW's equitable estoppel theory, which has been rejected by several courts.  (*Id.*).

The Court agrees with BMW.  The Court first does not agree with Plaintiff that the arbitration clause allows BMW (an affiliate of BMW FS) to invoke the arbitration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-2466-MWF (AGRx)             Date:  May 20, 2020**
**Title:**      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

clause only if Plaintiff asserts a claim against the lessor.  The relevant provision of the arbitration clause provides the following:

> Unless otherwise specified, "I," "me" and "my" refer to the Lessee and "you" and *"your" refer* to the Lessor or *Lessor's assignee*. . . . "Assignee" refers to BMW Financial Services NA, LLC ("BMW FS") . . .
>
> . . .
>
> **"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, . . ., *between me and* you or *your* employees, officers, directors, *affiliates*, successors or assigns, *or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you*, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).

(Lease Agreement ¶¶ 2, 38) (emphasis added).  In other words, the provision states that the "Claim" means any claim between Plaintiff and BMW FS's affiliates, or *alternatively*, any third party if Plaintiff asserts a claim against such third parties in connection with a claim she asserts against the lessor.  Because BMW argues that it is an affiliate of BMW FS, the second part of the clause regarding third parties does not apply.

The Court also determines that all of Plaintiff's claims against BMW "arise[] out of or relate[] to" the "condition" of Plaintiff's Vehicle.  The Complaint details the defects that she encountered on the Vehicle and asserts six claims against BMW based on such defects.  (*See generally* Complaint).  Specifically, Plaintiff asserts that BMW breached various warranties by selling a defective product and violated other California laws for failing to repurchase or repair such defects.  (*See* Complaint ¶¶ 5-44).  Therefore, the plain language of the arbitration clause demonstrates the parties' intent to expressly provide a benefit to BMW with regard to Plaintiff's claims asserted in this action.  It also appears to be consistent with the objectives of the contract and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                 Date:  May 20, 2020
Title:       Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

the reasonable expectations of the contracting parties since the Warranties clause states that the manufacturer – BMW in this case – would provide a new vehicle warranty.

Finally, the Court rejects Plaintiff's argument that this analysis is functionally identical to BMW's equitable estoppel theory.  Equitable estoppel examines (1) whether "a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract" and (2) whether "the signatory alleges substantially interdependent and concerted misconduct by the signatory and another signatory and the allegations of interdependent misconduct [are] founded in or are intimately connected with the obligations of the underlying agreement."  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128-29 (9th Cir. 2013), *cert denied*, 571 U.S. 818 (2013) (internal quotation marks and citation omitted).

For this analysis, the Court is not examining whether Plaintiff's claims are intimately founded in and intertwined with the Lease Agreement or whether Plaintiff alleges substantially interdependent and concerted misconduct between BMW and another signatory.  Rather, the Court is examining whether Plaintiff's claims "arise[] out of or relate[] to" the "condition" of Plaintiff's Vehicle – which is what is required based on the language of the Lease Agreement.  As explained above, the Court determines that they do.  Therefore, the Court concludes that BMW is a third-party beneficiary to the Lease Agreement and may compel arbitration of this action.

### 4.      Binding Arbitration under the MMWA

Even if a valid arbitration agreement existed between Plaintiff and BMW, Plaintiff further argues that her warranty claims are not subject to binding arbitration. (Arbitration Opposition at 18-22).  Specifically, she argues that the federal Magnuson Moss Warranty Act ("MMWA") bars the enforcement of arbitration provisions covering warranty agreements.  (*Id.* at 19).  In making this argument, Plaintiff relies on Federal Trade Commission ("FTC") Regulations under 16 C.F.R. § 703 and the corresponding rulings, which impose certain restrictions on binding informal settlement.  (*See id.* at 18-22).  While Plaintiff has not asserted an MMWA claim, she

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                Date:  May 20, 2020
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

argues that the Song-Beverly Act incorporates MMWA rules regarding arbitration by reference.  (*Id.* at 18).

The Court notes that Plaintiff failed to cite any authority holding that binding arbitration is barred under the MMWA.  In fact, federal circuit courts that have addressed this exact issue have held otherwise.  *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams*, 899 F.2d 1315, 1317 (2d Cir. 1990) ("[N]othing in the [MMWA] or the FTC Regulations forbids a warrantor from entering into binding arbitration."); *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 479 (5th Cir. 2002) ("We hold that the MMWA does not preclude binding arbitration of claims pursuant to a valid binding arbitration agreement, which the courts must enforce pursuant to the FAA."); *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1280 (11th Cir. 2002) ("After a thorough review of the MMWA and the FAA, combined with the strong federal policy favoring arbitration, we hold that written warranty claims arising under the Magnuson–Moss Warranty Act may be subject to valid binding arbitration agreements.").

Following such authority, district courts in this circuit have similarly held that MMWA and the FTC regulations do not bar arbitration of written warranty claims. *See e.g., Jones v. Gen. Motors Corp.*, 640 F. Supp. 2d 1124, 1137, 1140 (D. Ariz. 2009) ("The legislative history of the MMWA likewise provides no indication that Congress intended to preclude resolution of its claims through binding arbitration. . . . Under the plain meaning of these terms, binding arbitration is not an 'informal settlement.'  Binding arbitration formally and finally resolves a legal claim; it does not involve the voluntary surrender of the right to pursue a claim."); *Brown v. BYRV, Inc.*, No. 3:14-CV-01213-AC, 2015 WL 4507159, at *18 (D. Or. July 24, 2015) ("[A]fter careful consideration, the court follows the well-reasoned opinions of the Fifth and Eleventh Circuits skillfully applying the *McMahon* and *Chevron* tests to the question of whether the MMWA prohibits binding arbitration. Accordingly, the court finds the MMWA does not prohibit enforcement of a binding, pre-dispute arbitration provision found in a written warranty.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 20-2466-MWF (AGRx)**              Date:  **May 20, 2020**
Title:      Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

The Court finds no reason to deviate from such well-reasoned authority. Accordingly, the Court determines that the MMWA (and by extension, the Song-Beverly Act) does not prohibit binding arbitration.

### 5.   Collateral Estoppel

Plaintiff additionally argues that the Arbitration Motion is barred by collateral estoppel.  (Arbitration Opposition at 22-23).  The Court disagrees.

First, based on the parties' requests for judicial notice, it appears that BMW has had a mixed record regarding its efforts to compel arbitration.  (*See* Docket Nos. 11, 16).  Specifically, BMW has provided a handful of cases, where the district court granted BMW's motion to compel arbitration based on BMW's third-party beneficiary status.  (Arbitration Reply at 11-12).  Given such inconsistent results, the Court determines that allowing Plaintiff to apply offensive collateral estoppel would be unfair.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979) ("Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant.").

Second, BMW notes that he arbitration provision in this case is distinguishable from those in the cases cited by Plaintiff.  (Arbitration Reply at 12-13).  Notably, BMW points out that the arbitration provisions in the other cases did not include the term "affiliates" in defining the types of claims that could be subject to arbitration.  As such, courts in those cases did not examine whether BMW was an affiliate of BMW FS – a critical issue in this case.

Accordingly, the Court determines that BMW is a third-party beneficiary who may enforce arbitration of this action and that BMW is not collaterally estopped from enforcing its right to arbitrate.  Because the Court determines that BMW is a third-party beneficiary, the Court need not determine whether it is also entitled to enforce the arbitration agreement under the equitable estoppel doctrine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2466-MWF (AGRx)                    Date:  May 20, 2020
Title:        Jacqueline Phillips-Harris v. BMW of North America, LLC, et al.

## V.        **CONCLUSION**

For the foregoing reasons, the Remand Motion is **DENIED** and the Arbitration Motion is **GRANTED**.

In the Ninth Circuit, the district court has discretion to dismiss a party's complaint where the court finds that the arbitration clause covers all of the party's claims.  *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (affirming dismissal of action where "all of [the plaintiff's] claims fall within the scope of th[e] arbitration agreement"); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming dismissal of action where "the arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration").  Because the Lease Agreement encompasses all of Plaintiff's claims, the Court in its discretion chooses dismissal instead of a stay.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.